**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAUL PERRIS, | : | Civil No. 1:26-CV-01497 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL KUNES, *et al.*, | : | |
| | : | |
| Respondents. | : | judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Paul Perris ("Perris"). (Doc. 1.) Perris argues that he is being wrongfully detained. Because Perris now has a final order of removal, his detention status is controlled by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons that follow, the court will deny Perris's petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Perris is a native and citizen of India. (Doc. 9-2, p. 2.)[1] He was admitted to the United States as a nonimmigrant visitor on January 12, 2022, at a port of entry in Everglades, Florida, as a D2 Crewmember with authorization to remain in the United States until January 12, 2022. (*Id.* at 3.) Perris did not depart the United States. (*Id.*)

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Perris was charged in Centre County, Pennsylvania with theft of services and bad checks on August 14, 2025. (*Id.*) On December 19, 2025, the charges were dismissed under Pennsylvania Rule of Criminal Procedure 586 and Perris was ordered to pay restitution. (*Id.*) On December 29, 2025, Immigration and Customs Enforcement Officers encountered Perris at Centre County Correctional Facility pursuant to the Local Criminal Alien Program. (*Id.*) An immigration arrest warrant and immigration detainer were lodged against Perris, and Perris was served with a notice to appear charging him as removable under the Immigration and Nationality Act ("INA") § 237(a)(1)(B). (*Id.*; Doc. 9-2, p. 3.)

At the time Perris filed this petition, Perris was ordered removed by an immigration judge and had an appeal pending before the Board of Immigration Appeals ("BIA"). (Docs. 9-4, 9-5.) Since filing his petition, Perris requested to withdraw his appeal before the BIA. (Doc. 24.) Perris's appeal was formally withdrawn on September 30, 2026, such that he now has a final order of removal. (Doc. 27.) Respondent advises that he is scheduled to be removed from the United States in approximately one week. (*Id.*)

On June 2, 2026, Perris filed a petition for writ of habeas corpus requesting release from detention against multiple individuals, including Michael Kunes,

Warden of Clinton County Correctional Facility (“Respondents”).[2] (Doc. 1.) Respondents filed a response on June 17, 2026, and Perris filed a traverse on July 6, 2026. (Docs. 9, 10.) Perris then filed a variety of status reports and motions related to this matter and his immigration case before the BIA. (Docs. 11–19, 22–25.) At the request of the court, Respondents filed a status report on October 20, 2026. (Doc. 27.) Thus, this petition is ripe for review.

## STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is “in custody in violation of the Constitution or laws or treaties of the United States.” Claims related to an immigration detainee’s request for release from confinement must be brought as a habeas petition as these “claims fall within the ‘core’ of the writ of habeas corpus.” *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)). Jurisdiction for “core habeas petitions . . . lies in only one district: the district of confinement.” *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted). Perris is detained at Clinton County

[2] Respondents submit that the only proper respondent is Michael Kunes because he is the Warden of Clinton County Correctional Facility. (Doc. 9, pp. 8–9.) In this case, consistent with *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), Petitioner has named the Warden as a respondent. *Padilla*, 542 U.S. at 447 (“Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.”) Because Petitioner has named a proper respondent, the court does not deem it necessary to determine whether the other named Respondents should be dismissed.

Correctional Facility, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Perris argues that he is being wrongly detained and has not received a bond hearing. (Docs. 1, 10.) Perris requests his immediate release from custody or a bond hearing. (Doc. 1, p. 6.) In opposition, Respondents argue that Perris is lawfully detained under Section 1231 because he has a final order of removal and is within the ninety-day mandatory detention period. (Doc. 27, p. 1.) Respondents submit that Perris is scheduled to be removed from the United States on a commercial flight in approximately one week. (*Id.*)

Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to the Board of Immigration Appeals was either taken and ruled upon or the time to appeal expired); (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an

immigration process), the date the alien is released from confinement. *See id.* § 1231(a)(1)(B).

Detention is mandatory during this first 90 days. *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)). Following expiration of the 90-day removal period, certain noncitizens "may" be detained. *Arteaga-Martinez*, 596 U.S. at 578–79 (quoting 8 U.S.C. § 1231(a)(6)). How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

Here, Perris's removal order became final, and the ninety-day mandatory detention period began on September 30, 2026. Thus, Perris is still well-within the mandatory detention period and is scheduled to be removed from the United States within that period. Accordingly, the court will deny Perris's petition.

## CONCLUSION

For these reasons, the court will deny Perris's petition for writ of habeas corpus. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 23, 2026